PATRICK E. HIGGINBOTHAM,
Circuit Judge, dissenting:
I respectfully dissent. I would, in the main, take the path set forth in the Second Circuit’s well-reasoned opinion in Cohen v. JP Morgan Chase & Company[1] and hold that unearned undivided loan discount fees *807 violate § 8(b) of the Real Estate Settlement Procedures Act (“RESPA”).[2]
The lone aspect of Cohen I would not adopt is its decision to give Chevron deference[3] to the interpretation of RESPA § 8(b) articulated by the Department of Housing and Urban Development (“HUD”) in its Statement of Policy 2001-l.[4] This Court is only required to grant Chevron deference to an agency’s interpretation of an ambiguous statute if the interpretation has “the force of law,”[5] a description generally reserved for interpretations that are the product of “a relatively formal administrative procedure tending to foster the fairness and deliberation that should underlie a pronouncement of such force,”[6] such as traditional notice-and-comment rulemaking. The HUD Statement of Policy was not promulgated through traditional notice-and-comment rulemaking, and I am not persuaded that the process through which it was promulgated was sufficiently considered to merit Chevron deference. I share the Seventh Circuit’s concern over the Statement of Policy’s lack of analysis, which expresses disagreement with that court’s decision in Echevarria v. Chicago Title & Trust Company[7] but gives no reason for that disagreement “except that HUD has always regarded such fees as forbidden by the statute, though previously it had failed to make this clear. No evidence or interpretive methodology is mentioned; no abuse pointed to that might justify the contorted interpretation urged by HUD.”[8] As Judge Posner explained, “something more formal, more deliberative, than a simple announcement” was needed to invoke Chevron deference and “[a] simple announcement is all we have here.”[9] While I agree with the Second Circuit that the policy statement is more than a simple announcement,[10] without a more formalized process through which the Agency’s views might be challenged and sharpened — such as what occurs in a formal adjudication or notice-and-comment rulemaking — I would not conclude that the Statement of Policy warrants deference under Chevron. Per Skidmore,[11] I would give HUD’s interpretation only such respect as is proportional to its power to persuade.
This concern aside, I would adopt the approach and conclusions of Judge Raggi’s fine opinion in Cohen. The statutory phrase “any portion, split, or percentage of any charge ... other than for services actually performed” is ambiguous with respect to Congress’s intent to prohibit unearned undivided fees. Prohibiting such fees strikes at a core objective of RESPA: promoting transparency of costs associated *808 with settlement. RE SPA is aimed at reducing abuses by those in the mortgage industry through charging borrowers fees for work not actually performed. While the greatest concern may be when that fee is part of a hidden referral relationship, the damage done to borrowers is similar: they are led to believe they are paying for something they are not. Following Cohen would not lead us down the path to a rate-setting regime. The task of the court is very different when determining whether any service was provided as opposed to whether the price charged is a reasonable one. When the fee is entirely unearned, the court is not forced to determine the reasonableness of a fee — a task for which courts are not well suited — because the reasonable fee for nothing is nothing.
Accordingly, I respectfully dissent.

. 498 F.3d 111, 114-26 (2d Cir.2007).

. 12 U.S.C. § 2607(b).

. See generally Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

. Statement of Policy 2001-1, 66 Fed.Reg. 53,052 (Oct. 18, 2001).

. See United States v. Mead Corp., 533 U.S. 218, 226-27, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001).

. Id. at 229, 121 S.Ct. 2164.

. 256 F.3d 623 (7th Cir.2001)

. Krzalic v. Republic Title Co., 314 F.3d 875, 881 (7th Cir.2002) (citations omitted), cert. denied, 539 U.S. 958, 123 S.Ct. 2641, 156 L.Ed.2d 656 (2003).

. See Krzalic, 314 F.3d at 881 (citing Barnhart, 535 U.S. at 212, 122 S.Ct. 1265, and Mead Corp., 533 U.S. at 229-31, 121 S.Ct. 2164).

. See Kruse v. Wells Fargo Home Mortg., Inc., 383 F.3d 49, 59-61 (2d Cir.2004).

. See Mead, 533 U.S. at 234-35, 121 S.Ct. 2164 (citing Skidmore v. Swift & Co., 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944)).